IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALLEN L. LUECK,

                Plaintiff,

  v.

LA CROSSE COUNTY, KEITH BACK, DENNIS
OSGOOD, TIM HAMMES, STEVE O'MALLEY,
ROBERT TAUNT, DAVIN LANGE, TIM GRUENKE,
and TARA JOHNSON,

                Defendants.

OPINION & ORDER

18-cv-40-jdp

---

Allen L. Lueck, appearing pro se, has filed this lawsuit in which he states that various defendants, including La Crosse County, county highway officials, and the district attorney, retaliated against him and wrongfully terminated him. Lueck has paid the full filing fee for this action, and therefore the complaint does not have to be screened under the *in forma pauperis* statue, 28 U.S.C. § 1915. But this court has the inherent authority to screen the case on its own. *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). The court ordered that summons not be issued to Lueck until I reviewed the complaint.

In reviewing the complaint, I must construe Lueck's pro se pleading generously. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972). After doing so, I conclude that the complaint does not contain enough detail about Lueck's claims for defendants to be able to answer it. The sole factual allegation in the complaint is that Lueck "was intentionally retaliated against and subsequently wrongfully terminated." Dkt. 1, at 6. He filed a supplement that appears to be a form complaint pre-filling some of the information a plaintiff would usually need to file a

lawsuit, but containing no case-specific information about what any of the defendants actually did to harm him.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994).

Lueck's allegations do not meet this standard. He says he was fired and retaliated against, but he does not say for whom he worked, who fired him, or how any of the defendants actually retaliated against him. None of the defendants would be able to admit or deny any of the allegations because Lueck does not explain what each defendant did to harm him. He cannot assume that defendants know what he is talking about. He needs to put a brief summary of his allegations in his complaint.

Because Lueck's complaint does not comply with Rule 8, I will dismiss it and give him a chance to file an amended complaint that fixes these problems. He should draft his amended complaint as if he were telling a story to people who know nothing about his situation. In particular, he should explain the basic background facts about his employment and termination, and explain how each of the defendants violated his rights. It is not enough to use conclusory phrases like "retaliation." He needs to say what defendants did and why he believes each defendant's actions were improper.

I will give Lueck a short time to submit an amended complaint that fixes the problems discussed above. If he does not submit an amended complaint by the deadline set below, I will dismiss the case.

ORDER

IT IS ORDERED that plaintiff Allen L. Lueck's complaint is DISMISSED for failure to comply with the Federal Rule of Civil Procedure 8. He may have until March 27, 2018, to submit an amended complaint that fixes the problems discussed above.

Entered March 6, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge